UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BELINDA ANDERSON BOUIE,

       **Plaintiff,**

      v.

**Case No. 2:21-cv-1130**
**Magistrate Judge Norah McCann King**

**FRANK BISIGNANO,**
**Commissioner of Social Security,**

       **Defendant.**

## OPINION AND ORDER

This matter is before the Court on the motion for an attorney fee pursuant to 42 U.S.C. § 406(b)(1) in the amount of $ 53,875.00. (ECF No. 25) The Commissioner neither supports nor opposes the motion but asks that the Court direct Plaintiff's counsel to remit to Plaintiff the $ 9,764.45 fee previously awarded to counsel under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). (ECF No. 27) For the reasons that follow, the motion is granted.

## I.     STANDARD

Under the Social Security Act, when a court renders a judgment favorable to a claimant who was represented before the court by an attorney, the court may award that prevailing claimant's attorney "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . ." 42 U.S.C. § 406(b)(1)(A). Contingency fee arrangements are "the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). In determining an appropriate fee under the statute, a court must also consider such factors as the character of the representation and results achieved, whether counsel

1

was responsible for delay, and whether the benefits were large in comparison to the time expended by counsel. *Id*. at 807-08. In making this determination, a court may also consider the inherent risk of loss associated with representation on a contingency basis. *Tschudy v. Comm'r of Soc. Sec.*, No. 18-3424, 2020 WL 3316403, at *1 (D.N.J. June 18, 2020).

## II.    PROCEDURAL HISTORY

Plaintiff's application for Disability Insurance Benefits, alleging disability beginning February 14, 2017, was originally filed in February 2018. (R. 161, 181, 334-37) Current counsel entered an appearance on Plaintiff's behalf in January 2020. (R. 233) In August 2020, an Administrative Law Judge issued a decision finding that Plaintiff was not disabled. (R. 13-34) An appeal from that decision was filed in this Court, and counsel filed a Statement of Contentions (ECF No. 8) and a Plaintiff's Brief. (ECF No. 19) On November 24, 2022, this Court reversed the Commissioner's decision and remanded the matter to the Commissioner for further proceedings. (Opinion and Order, ECF No. 21) Final Judgment was entered that same day. (ECF No. 22) This Court thereafter awarded Plaintiff an attorney's fee under the EAJA in the amount of $ 9,764.45. (ECF No. 24)

On October 11, 2024, following this Court's order of remand, Plaintiff secured a fully favorable decision, finding disability since February 14, 2017. (ECF No. 25-4, PageID# 2562-78) The Social Security Administration has withheld 25% of Plaintiff's past-due benefits, $53,875.00, pending determination of an attorney fee. (ECF No. 25-4, PageID# 2547)

## III.    DISCUSSION

The fee agreement executed by Plaintiff and her counsel authorizes a fee of 25% of all past-due benefits. (ECF No. 25-4, PageID# 2539-40) Plaintiff's counsel itemizes a total of 47.8 hours

of attorney time expended on Plaintiff's behalf, conducted by two (2) attorneys, before this Court. (ECF No. 25-4, PageID# 2542).

Taking into account the relevant factors, *see Grisbecht*, 515 U.S. at 807-08, the Court notes that the attorneys who represented Plaintiff before this Court are highly skilled, with substantial prior experience in this area of the law. (ECF Nos. 25-3, PageID# 2535-37) Moreover, counsel's representation of Plaintiff before this Court led to an order of remand. The favorable result that Plaintiff ultimately realized is a testament to her counsel's competence and efforts. Furthermore, more than seven (7) years had elapsed between the time that Plaintiff filed her application for benefits and the awarding of benefits—delay that burdened her counsel as well as Plaintiff. Notably, there is no indication that Plaintiff's counsel was responsible for that delay. Of course, the Court is also aware of the substantial risk of non-compensation that attorneys assume when representing clients on a contingency fee basis in cases such as this. *See Tschudy*, 2020 WL 3316403, at *1.

The statute requires that the award under § 406(b) be reasonable and the Supreme Court in *Grisbecht* cautioned that a reduction may be warranted when "the benefits are large in comparison to the amount of time counsel spent on the case". *Id.* at 808. The motion seeks a fee award of $ 53,875.00, which would result in an imputed effective hourly rate of $ 1,127.09 per hour. Awards within that general range have been approved in this District. *See, e.g.*, *Laura H. v. Comm'r of Soc. Sec.*, 2025 WL 1456769, at *2-3 (D.N.J. May 21, 2025)(reducing the requested fee to an imputed hourly rate of $ 950.00); *Wells v. Comm'r of Soc. Sec.*, 2024 WL 447768 (D.N.J. Feb. 6, 2024)(approving an imputed hourly rate of $1,056.34); *Gonzalez v. Comm'r of Soc. Sec.*, 2017 WL 6513349 (D.N.J. Dec. 19, 2017)( approving a fee with an imputed hourly

rate of $ 1,149.90).  This Court concludes that the award sought in this case is reasonable within the meaning of 42 U.S.C. § 406(b)(1).

IV.    CONCLUSION

Plaintiff's Motion for Attorney Fees, ECF No. 25, is **GRANTED**.

**IT IS ORDERED** that an attorney's fee in the amount of $ 53,875.00, which is no more than 25% of the past due benefits awarded to Plaintiff, be remitted **to Charles E. Binder, Esq.** Upon receipt of this fee, counsel for Plaintiff is **DIRECTED** to remit the previously awarded EAJA fee in the amount of $ 9,764.45 to Plaintiff.


September 10, 2025                                    _s/ Norah McCann King_____
                                                     Norah McCann King
                                                     United States Magistrate Judge